**[J-101-2020][M.O. - Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| PHILADELPHIA GAS WORKS | : | No. 14 EAP 2020 |
| | : | |
| | : | Appeal from the Commonwealth Court |
| v. | : | dated 12/9/19 at No. 1291 C.D. 2018, |
| | : | reversing the final orders of the Pa. |
| | : | P.U.C. dated December 8, 2016, May |
| PENNSYLVANIA PUBLIC UTILITY | : | 18, 2018 and August 23, 2018 |
| COMMISSION | : | |
| | : | ARGUED:  December 2, 2020 |
| APPEAL OF:  SBG MANAGEMENT | : | |
| SERVICES, COLONIAL GARDEN | : | |
| REALTY CO., L.P. AND SIMON GARDEN | : | |
| REALTY CO., L.P. | : | |

*DISSENTING OPINION*

**JUSTICE SAYLOR**                                    **DECIDED:  April 29, 2021**


I respectfully dissent, since I would credit the rationale of the Commonwealth Court in full.

It merits emphasis that Section 7106(b) of the Municipal Claims and Tax Lien Law repeatedly clarifies that the contemplated effect of the lien as a "judgment" is "against . . . property."  *See* 53 P.S. §7106(b).  The statute, therefore, doesn't serve to enhance or diminish utility customers' personal liability for the amounts charged for services rendered or interest obligations arising from their failure to make timely payments.  *Accord* Majority Opinion, *slip op.* at 19 (explaining that "utility bills are personal debts upon the customer who receives service"); *Phila. Gas Works v. PUC*, 222 A.3d 1218 (Pa. Cmwlth. 2019) ("Although the underlying debt is personal to the

customer, the lien is *in rem* against the real property at which service was provided.").[1] For this reason and otherwise, the security-related focus of the statute -- centered squarely on encumbering the serviced property -- is unmistakable. Simply put, nothing suggests that perfection of a lien relieves the customer of personal liability, in whole or in part.

In holding that the statute serves to thwart the ongoing accrual of interest on delinquent customer accounts at the rate called for by the prevailing tariff, the majority appears to conceptualize the perfection of liens against real property and the pursuit of *in personam* judgments as mutually-exclusive, alternative options. *See* Majority Opinion, *slip op.* at 19 (indicating that a municipal utility may elect between such avenues). However, the Legislature has specified that municipal utilities may pursue personal judgments, via actions in assumpsit, "[*i*]*n addition to* the remedies provided by law for the filing of liens." 53 P.S. §7251 (emphasis added). Accordingly, it seems clear to me such utilities are authorized to pursue the various avenues -- including perfection of liens and commencement of actions to establish personal liability -- simultaneously or serially. *See* 53 P.S. §7251.[2]

---

[1] Of course, monies received upon execution on a lien by a municipal utility would properly be credited against the customer's personal liability.

[2] I acknowledge that there could be circumstances in which the Legislature might utilize the "in addition to" phraseology loosely by prescribing for mutually-exclusive, alternative remedies instead of additional ones. But, in the present circumstances -- particularly in light of the object of the governing statutes, their remedial purposes, and the security-related purpose of conferring the effect of a judgment relative to serviced property prior to any adjudication -- I find no reason to believe that the General Assembly might have intended to do so here.

Indeed, the manner of coupling *in rem* security with personal liability adopted by the majority is fraught with difficulties. For example, in a scenario in which proceeds from execution upon the serviced property turn out to be insufficient to satisfy the customer's
(continued…)

As the Commonwealth Court ably explained, the statutory regime is designed to enable potent incentives for customers to pay municipal utility bills and mechanisms for providing the utilities with security for such payment. In the widest frame, the object is the protection of the public at large. *Accord* 66 Pa.C.S. §1402(1) ("Increasing amounts of unpaid bills now threatens paying customers with higher rates due to other customers' delinquencies."). The majority's approach, on the other hand, has the effect of diluting these protections by presenting municipal utilities with an unpalatable choice of foregoing either the accrual of lawful, tariff-based interest or the security afforded through lien perfection.

In my view, however, the General Assembly has provided various layers of statutory protections that are not mutually exclusive, but instead, are supplementary.

---

(…continued)
liability for services rendered, it appears that municipal utilities will now lack the means to adjudicate and collect the deficiency. Again, however, I find that the governing statutory scheme provides to the contrary.